UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GODERICK VILLADELGADO,<br><br>    Plaintiff,<br><br>v.<br><br>JULIE WILLIAMS, et al.,<br><br>    Defendants. | Case No.: 2:23-cv-01146-GMN-NJK<br><br>**ORDER**<br><br>(Docket Nos. 3, 5, 8, 9, 11) |

Plaintiff Goderick Villadelgado, an inmate in the custody of the Nevada Department of Corrections, initiated this case with an application to proceed *in forma pauperis* and a civil rights complaint filed under 42 U.S.C. § 1983. Docket Nos. 1, 1-1. Plaintiff subsequently filed a motion for appointment of counsel, three motions to amend or supplement the complaint, and a motion to order the Defendants to respond to the complaint. Docket Nos. 3, 5, 8, 9, 11. The Court will consider Plaintiff's motions in turn.

**I.      PLAINTIFF'S MOTIONS**

      **A. Appointment of Counsel**

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

This case involves allegations that Plaintiff's property was taken when he was moved to segregation and never returned. Docket No. 2-1. This does not appear to be a particularly complex factual or legal issue. In his motion for appointment of counsel, Plaintiff does not provide any argument or explanation to support that exceptional circumstances exist in this case warranting the appointment of counsel. Docket No. 3. As such, the Court does not find exceptional circumstances warranting the appointment of counsel at this time, and the Court denies the motion without prejudice.

### B. Amend and Supplement Complaint

Plaintiff has filed a motion to amend the complaint, as well as two motions to supplement the complaint. Docket Nos. 5, 8, 9. The Court will not piecemeal Plaintiff's complaint together from multiple filings. Plaintiff's operative complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Accordingly, the Court gives Plaintiff leave to file a single, complete, first amended complaint on or before **March 22, 2024**. If Plaintiff does not file a first amended complaint, the Court will screen the initial complaint and will not consider any allegations in Plaintiff's motions to amend and supplement the complaint.

If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint, and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint."

### C. Order Requiring the Defendants to Answer the Complaint

Plaintiff has filed a motion requesting that the Court order the Defendants to respond to his complaint. Docket No. 11. As explained in the Court's advisory letter, the Court must screen

Plaintiff's complaint to determine whether it contains any valid claims before this case moves forward. Docket No. 4. This is a process that can take many months. This case remains at the screening stage, and the complaint has not yet been served on Defendants. Therefore, Defendants are not required to respond to the complaint at this time, and the Court denies Plaintiff's motion.

Accordingly, for the reasons stated above,

IT IS ORDERED that Plaintiff's motion for appointment of counsel is **DENIED**. Docket No. 3.

IT IS FURTHER ORDERED that Plaintiff's motions to amend and supplement the complaint are **DENIED**. Docket Nos. 5, 8, 9.

IT IS FURTHER ORDERED that Plaintiff is given leave to file a single, complete, first amended complaint no later than **March 22, 2024**.

IT IS FURTHER ORDERED that Plaintiff's motion to order Defendants to respond to the complaint is **DENIED**. Docket No. 11.

IT IS SO ORDERED.

DATED: February 22, 2024.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE